**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CAPITOL SPECIALTY
INSURANCE CORPORATION,

      Plaintiff,

v.                                             Case No. 8:24-cv-2119-SDM-LSG

LUNG INSTITUTE, LLC,
TAMMY RIVERO, MARILYN
MAZZA, and LARRY HYMAN,

      Defendants.
_____/

## **ORDER**

    The plaintiff moves to stay all discovery deadlines pending the resolution of

the defendants' motions to dismiss. Docs. 33, 34, 53. The plaintiff contends that, if

granted, the motions could eliminate the need for discovery and dispose of the action

entirely. Doc. 53 at 6. The defendants oppose the motion, argue that a stay of

discovery deadlines alone would prejudice the defendants, and request that any stay

apply to all pre-trial deadlines.[*] Doc. 54 at 4–5, 55.

    A court enjoys "broad discretion to stay proceedings as an incident to its

power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Although disfavored, a stay is warranted to avoid undue burden or expense on the

---

[*] The plaintiff moves for leave to reply in support of its motion to stay and agrees with the
defendants "that a stay of the entire action is warranted." Doc. 57 at 2–3.

parties. FED. R. CIV. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550,

1558–60 (11th Cir. 1985); *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). A

stay may be appropriate if a party presents a facial challenge involving no factual

issue to the legal sufficiency of a complaint. *Horsely v. Feldt*, 304 F.3d 1125, 1131 n.2

(11th Cir. 2002) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th

Cir. 1997)). The decision to stay discovery pending resolution of a motion to dismiss

requires "balanc[ing] the harm produced by a delay in discovery against the

possibility that the motion will be granted and entirely eliminate the need for such

discovery." *Feldman*, 176 F.R.D. at 652; *see also Diaz v. Martin*, No. 20-cv-23889-

BLOOM, 2021 WL 2255126, at *2 (S.D. Fla. Jun. 3, 2021). Weighing "the likely

costs and burdens of proceeding discovery" requires "'a preliminary peek' at the

merits of the motion to dismiss to see if it appears to be clearly meritorious and truly

case dispositive." *Feldman*, 176 F.R.D. at 652–53.

      In considering a motion to stay, the Court must determine "(1) whether a stay

will unduly prejudice or tactically disadvantage the nonmoving party; (2) whether a

stay will simplify the issues and streamline the trial, and (3) whether a stay will

reduce the burden of litigation on the parties and on the court." *Freedom Sci., Inc. v.

Enhanced Vision Sys., Inc.*, No. 8:11-CIV-1194-T-17-AEP, 2012 WL 9064727, at *1

(M.D. Fla. Jan. 31, 2012) (quoting *Baxa Corp. v. Forhealth Techs., Inc.*, No. 6:06-cv-

0353-Orl-19JGG, 2006 WL 4756455, *1 (M.D. Fla. May 5, 2006)). A "preliminary

peak" at the defendants' motions reveals a meritorious legal question requiring no

discovery. *See id*. The defendants argue the plaintiff failed to join an indispensable

2

party whose joinder would deprive the Court of subject matter jurisdiction. Doc. 33. A ruling on the defendants' motions may dispose of all the plaintiff's claims. Docs. 33 at 12, 34 at 3.

Here, because a ruling on the pending motions may eliminate the need for discovery altogether, "a stay will not unduly prejudice or disadvantage [the p]laintiff; will likely simplify the issues and streamline or obviate the need for a trial; and will reduce or eliminate the burden of litigation on the parties and on this Court." *Freedom Sci., Inc.,* 2012 WL 9064727, at *1. Without expressing a view on the merit of the defendants' motions, I find that a stay of all deadlines is appropriate. *See Panola Land Buyers Ass'n,* 762 F.2d at 1560 ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion.").

Accordingly, the plaintiff's motion to stay discovery, Doc. 53, is **GRANTED**. All deadlines in the case management and scheduling order, Doc. 41, are **STAYED** pending a ruling on the defendants' motions to dismiss, Docs. 33 and 34. The plaintiff's motion for leave to file a reply, Doc. 57, is **DENIED AS MOOT**.

**ORDERED** in Tampa, Florida on this 21st day of July, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge